LEVY *et al. v.* THE THOMAS MELVILLE.

(*Circuit Court, S. D. New York.* December 31, 1888.)

ADMIRALTY—APPEAL—REVIEW—WEIGHT OF EVIDENCE.
 Although on appeal in admiralty to the circuit court a new trial is to be had, yet in reviewing testimony brought up from below every possible test is to be used in determining its weight; the effect which the manner and appearance of a witness produced upon the judge below is proper to be considered; and, where there is no decided preponderance of the evidence either way, the district judge will be followed.

In Admiralty. Appeal from district court. 31 Fed. Rep. 486.
*Treadwell Cleveland,* for libelant.
*E. B. Convers,* for The Thomas Melville.

LACOMBE, J. The appellants' counsel in this case, referring to the opinion in *Windmuller* v. *The Thomas Melville,* 36 Fed. Rep. 708, where damage to other parcels of the same cargo was under consideration, asks this question: "Is not the trial in the circuit court one in which the parties have the right to ask for the independent, untrammeled views of the judge there presiding?" and thus answers it: "In this court we submit that the trial is as if there had never been a trial before." In support of this answer he cites *The Lucille,* 19 Wall. 74; *The Charles Morgan,* 115 U. S. 75, 5 Sup. Ct. Rep. 1172; *The Hesper,* 122 U. S. 266, 7 Sup. Ct. Rep. 1177,—in which it is held that an appeal in admiralty to the circuit court vacates altogether the decree of the district court, and that there is to be in the circuit court a new trial, "in which the judgment of the court below is regarded as though it had never been rendered." His inquiry is to be answered in the affirmative, and the statements above cited as to the practice in the federal courts accepted as correct. It by no means follows, however, that all the proceedings on the trial below are obliterated. If they were, and no testimony were to be considered save such as is taken in this court, the situation would be different; but so long as testimony taken below is brought up for review, the reviewing court must use every possible test to determine what weight it should be accorded. Thus the statement of any particular witness is to be compared with the rest of his testimony, with all the other evidence, and with the inherent probabilities of the case, with proper allowance for bias, for point of view, and for such physical or mental defects as may operate to affect his account. After all this is done, it often happens, however, that the mind is left in doubt as to whether such statement is truthful or not. It is matter of common knowledge that a proper appreciation of the appearance of the witness on the stand, and of the manner in which he gave his evidence, will in such cases lead the mind to an assured conclusion. From the application of this test, the reviewing judge is debarred. The effect, however, which such appearance and manner produced upon an associate judge, is a fact in the case, spread before him on the record, and eminently proper to be considered by him in reaching his conclusion. It was the application of this principle that in view of the conflict of testimony in the district court induced this court, which could not find in the printed narrative a decided preponderance either way, to follow the district judge in the *Windmuller Case.* The additional evidence of the two experts, neither of whom saw the vessel, has not changed the weight of evidence in the printed narrative, and I shall therefore again follow the district judge.